710 So.2d 666 (1998)
Eric T. BROWN, Appellant,
v.
INTERNATIONAL PAPER COMPANY and State of Florida, Unemployment Appeals Commission, Appellees.
No. 97-00361.
District Court of Appeal of Florida, Second District.
April 24, 1998.
*667 Mary L. Taylor and Lynne L. England of Prevatt, England & Taylor, Tampa, for Appellant.
Peter W. Zinober and M. Sean Moyles of Zinober & McCrea, P.A., Tampa, for Appellee International Paper Company.
No appearance for Appellee Unemployment Appeals Commission.
PATTERSON, Acting Chief Judge.
Eric Brown challenges an order of the Unemployment Appeals Commission (the UAC) which denies him unemployment benefits based on misconduct. We reverse the order because the record does not contain competent, substantial evidence to support the finding of misconduct without the inadmissible hearsay evidence.
On July 24, 1996, International Paper Company (the employer) terminated Brown, who was employed as a material handler, for "falsification of company records." The employer believed that Brown had forged a purchase requisition form for two computers worth approximately $12,000. The Division of Unemployment Compensation determined that benefits would be payable because the employer did not substantiate the allegation of misconduct, and the employer challenged the determination. At the hearing before the appeals referee, the employer presented two witnesses, Desiree Fouch, financial controller, and Mario Domingues, acting production manager. Brown testified on his own behalf.
*668 Fouch testified that on June 27, 1996, the employer received an invoice for the purchase of two computers. She soon discovered, however, that the sales office had not ordered the computers referenced in the invoice. The signature on the purchase requisition was Kerry Tamoin. Fouch testified that Tamoin stated that he did not sign the requisition. As a result, Bobby Weidner and Kim Cummins, two employees, contacted the computer vendor. Fouch testified that the vendor explained to Weidner and Cummins that the order for the computers had been placed over the phone by a male on June 19, 1996, who specified that the computers be delivered by overnight mail to arrive on the morning of June 20, 1996. The employer introduced a letter from Federal Express stating that "E. Brown" signed for the computers on June 20, 1996, at 9:47 a.m. The employer did not present the original delivery receipt. Brown's time sheet indicated that he worked an overtime shift from 7:00 until 10:30 a.m. on June 20,1996.
Fouch testified that she believed that the handwriting on the purchase requisition looked similar to Brown's handwriting. Thus, she contacted a handwriting analyst, Nicholas Burczyk, who, after examining exemplars and the purchase requisition, opined in a written report that Brown completed the questioned purchase requisition. The employer introduced the handwriting analyst's report, but Burczyk did not testify at the hearing.
Domingues testified that he attended a meeting with Brown to address the issue. When asked whether he accepted delivery for the computers, Brown responded, "I sign for a lot of Fed Ex Packages." When told that he was suspected of issuing a purchase order for computers, he gave no response. At the hearing, Brown denied forging the purchase order. He explained that at the meeting with Domingues, "I could not state that I just signed for specifically two packages `cause, at that time I knew no dates or nothing." He gave no response when asked about "filling out paperwork for computers" because he "did nothing of the such." The employer never located the two computers.
Based on the testimony from the employer's witnesses and the handwriting analyst's report, the appeals referee found that Brown forged the purchase requisition form for the two computers. Thus, the referee concluded that Brown was not entitled to unemployment compensation benefits based on misconduct. The UAC affirmed the referee's order.
Brown correctly contends that the employer did not meet its burden of proving misconduct by competent, substantial evidence. While hearsay is admissible in unemployment compensation proceedings, a denial of benefits cannot be based exclusively on hearsay. See Doyle v. Florida Unemp. Appeals Comm'n, 635 So.2d 1028, 1032 (Fla. 2d DCA 1994) (holding that hearsay "is admissible only for the purpose of explaining or supplementing other evidence and is not sufficient, standing alone, to prove a material fact in issue unless it would be admissible over objection in a civil proceeding"). Although Brown did not object to the hearsay evidence, the appellate court can review the sufficiency of the evidence to support the order denying benefits. See id.
Here, the employer used hearsay evidence to prove that Brown forged the purchase requisition form. The handwriting analyst's report and the letter from Federal Express stating that Brown signed the receipt for the computers are both out-of-court written assertions offered to prove the truth of the matter asserted. See § 90.801, Fla. Stat. (1995). The report and the letter would not meet the business records exception to the hearsay rule because they were not kept and made in the regular course of the business activity. See McKenzie Tank Lines, Inc. v. Roman, 645 So.2d 547 (Fla. 1st DCA 1994); § 90.803(6), Fla. Stat. (1995). Brown's time sheet, however, would meet the business records exception to the hearsay rule, but the time sheet merely showed that Brown was present when the computers were delivered.
In addition, Fouch testified that (1) Kerry Tamoin said that the requisition for the computers did not contain his signature, and (2) Bobby Weidner and Kim Cummins called the computer vendor and were told *669 that a male placed the order by phone on June 19, 1996, to be delivered by overnight mail to arrive on the morning of June 20, 1996. These statements are also inadmissible hearsay. Fouch did testify that she believed that the handwriting on the purchase order for the computers resembled Brown's handwriting. This statement, however, coupled with Brown's time sheet, is not competent, substantial evidence that Brown forged the purchase order. Without the hearsay evidence, the employer failed to prove that Brown falsified company documents. Thus, we reverse the UAC's order which upholds the appeals referee's finding of misconduct and remand for reinstatement of benefits.
Reversed and remanded.
QUINCE and WHATLEY, JJ., concur.