PER CURIAM.
The claimant, Mr. Pownall, appeals a final order of the Unemployment Appeals Commission (UAC) affirming a decision of the appeals referee which denied Pownall’s claim for unemployment compensation benefits. Denial was based on the appeals referee’s conclusion that claimant had voluntarily left employment without cause, and therefore was not entitled to benefits. We affirm.
The appeals referee’s factual findings are summarized as follows: Claimant failed to come to work on August 8, 1996, but later that day called his supervisor and explained that he had been incarcerated by the Immigration and Naturalization Service (INS). The employer voluntarily gave claimant a deferred status until November 8, 1996. After claimant failed to return to his employment by November 8, the employer filled the position. When claimant reported for work at a subsequent date no openings were available.
Mr. Pownall’s sole argument is that the factual findings are wrong. He grounds this on the assertion that at the hearing he “had made it clear” to the appeals referee that he had been released by INS on September 30, 1996, and had reported to work within 48 hours thereafter, a time well within the deferred status period. What this argument overlooks, however, is the testimony of claimant’s supervisor that when Mr. Pownall contacted him and said he was available to work again, it was after November 8, 1996, and by then claimant’s deferred status had lapsed. Judging the credibility of witnesses and resolving conflicts in the evidence are matters solely within the purview of the trier of fact. See Andrus v. Florida Dep’t of Labor and Employment Sec., 379 So.2d 468 (Fla. 4th DCA 1980); Heifetz v. Department of Bus. Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985). The UAC was required to affirm the factual findings of the appeals referee if there was competent, substantial evidence in the record to support those findings. See Fink v. Florida Unemployment Appeals Comm’n, 665 So.2d 373 (Fla. 4th DCA 1996). As recited above, there was such evidence, and the UAC’s order is, therefore, affirmed.
AFFIRMED.
POLEN, SHAHOOD, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.