BLACKWELL WHITE, A., Associate Judge.
The claimant, Michelle A. Durall, appeals a final order of the Unemployment Appeals Commission (“the UAC”) denying her unemployment compensation benefits.[1] We reverse.
Durall was terminated by her employer of thirteen years, BellSouth Communications Systems, Inc. (“BellSouth”), after BellSouth received a letter from a customer regarding a telephone conversation between Durall and a third party in which Durall used derogatory language to describe the customer. Durall and the third party, a vendor who supplied products for BellSouth, had together placed a call to the customer in order to discuss the installation of a product, but the customer was not available at the time of the call. Durall and the vendor left a message, but unbeknownst to them, the customer’s voice mail did not disconnect the call at the end of the' message and the rest of the conversation between Durall and the vendor was recorded. The customer’s letter to Bell-South attached a transcript of the conversation at issue.
Durall’s initial application for unemployment compensation was granted. Bell-South appealed that ruling to the Unemployment Compensation Appeals Bureau which reversed the award of benefits and found that Durall’s actions constituted misconduct associated with her employment. The UAC affirmed the decision of the appeals referee finding it was in accord with the essential requirements of law. Du-rall’s appeal to this court followed.
Durall first argues that the record did not. contain competent, substantial evidence to support the appeals referee’s finding that she used derogatory language to refer to a customer because the finding was based solely upon hearsay. We agree.
Two BellSouth managers and Durall testified before the appeals referee. The evidence presented indicated that, without a doubt, Durall had a conversation with a vendor which was recorded on a customer’s voice mail, but the only evidence presented as to the content of the conversation was the transcribed message supplied by the customer. Although Durall admitted having a conversation, she testified that the transcribed message did not reflect the contents of the conversation, and she could not remember the discussion verbatim. Neither the customer nor the vendor testified. Further, the BellSouth managers admitted that they had never actually heard the tape at issue, and the tape itself was not admitted into evidence.
*168 The UAC must affirm the factual findings of the appeals referee if there was competent, substantial evidence in the record to support those findings. See Pownall v. Unemployment Appeals Comm’n, 729 So.2d 479, 480 (Fla. 4th DCA 1999). Under section 120.57(l)(c), Florida Statutes (Supp.1998), hearsay is admissible in administrative proceedings, but hearsay alone is insufficient to support a finding unless it would be admissible over objection in a civil action. It is not disputed that the transcript of the conversation at issue in this case is hearsay evidence. Because the transcript was the only evidence presented of the statements alleged to constitute Durall’s misconduct and because no testimony was presented at the hearing which could establish the predicate necessary to admit the transcript as an exception to the hearsay rule, we find that the appeals referee’s decision was not based on competent, substantial evidence. See Wark v. Home Shopping Club, Inc., 715 So.2d 323, 324 (Fla. 2d DCA 1998).
Moreover, even if the transcript could be considered competent, substantial evidence of Durall’s comments regarding the customer, we also agree with Durall’s second argument that her comments do not evince willful or wanton disregard of BellSouth’s interest so as to support a denial of benefits.
An employee may be denied unemployment compensation benefits if his or her misconduct meets the standard identified in section 443.036(29), Florida Statutes (Supp.1998):
MISCONDUCT. — “Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
See also § 443.101, Fla. Stat. (1997). The employer has the burden of proving that the claimant engaged in misconduct connected with work. See Gardner v. Unemployment Appeals Comm’n, 682 So.2d 1222, 1223 (Fla. 4th DCA 1996). Further, in determining what constitutes misconduct under that standard, courts are to construe the statute providing the standard narrowly in favor of the claimant. See Easton v. Unemployment Appeals Comm’n, 693 So.2d 712, 713 (Fla. 4th DCA 1997).
Here, Durall did not challenge or undermine her employer in any way. Her conduct, if we accept the transcribed conversation, was not an intentional or wanton disregard of BellSouth’s interests. Durall did not know her conversation was being recorded, and she testified that she would never have spoken directly to a customer in such a manner. Finally, BellSouth’s manager testified that Durall was terminated without warning for this single transgression. While BellSouth may have been justified in terminating appellant’s employment, Durall’s alleged conduct does not meet the standard of misconduct contemplated in the statute so as to support a denial of benefits.
Accordingly, we reverse the order of the Unemployment Appeals Commission and remand for an award of unemployment compensation benefits to Durall.
REVERSED and REMANDED.
KLEIN and TAYLOR, JJ., concur.

. We have jurisdiction in this matter pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(C).