784 So.2d 1190 (2001)
William B. FRAZIER, Appellant,
v.
HOME SHOPPING CLUB LP and Florida Unemployment Appeals Commission, Appellees.
No. 2D00-2380.
District Court of Appeal of Florida, Second District.
April 11, 2001.
*1191 Garry R. Moore of Gulfcoast Legal Services, Inc., Clearwater, and John P. Cunningham, St. Petersburg, for Appellant.
No appearance for Appellee Home Shopping Club LP.
John D. Maher, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
NORTHCUTT, Judge.
We reverse the denial of William Frazier's unemployment benefits because the appeal referee's finding that he was terminated for misconduct was not supported by competent, substantial evidence.
Frazier began working at Home Shopping Club in August 1986 and satisfactorily performed his duties until June 1999. His position as an internet customer service representative required that he place comments and notes on every ticket or e-mail reflecting customer contacts. Beginning in June 1999, Frazier's supervisor discerned through spot-checks that he was failing to make notes on every e-mail. At the hearing below the supervisor could not say, however, that Frazier failed to make notes in every situation. When confronted, Frazier was very apologetic to his supervisors; he did not understand why he was having this problem and suggested that family issues were a contributing factor. He was given a verbal warning. When the problem continued, Frazier offered to take a different position. Management refused. Frazier received additional warnings through October 1999, when he was terminated. During the hearing before the appeals referee, Frazier again expressed his confusion about why his work had deteriorated after nearly 13 years of satisfactory performance.
The appeals referee found that Frazier's repeated failure to add comments in the computer evinced an intentional and substantial disregard of his duties and obligations to the employer. Citing Rycraft v. United Technologies, 449 So.2d 382 (Fla. 4th DCA 1984), the referee concluded that Frazier was discharged for misconduct connected with work. We disagree.
Section 443.036(29), Florida Statutes (1999), defines "misconduct" as follows:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
In accordance with the remedial nature of the unemployment compensation law, courts must narrowly apply the disqualification provisions, and must liberally construe the statute in favor of the claimant when determining whether a claimant's actions constitute misconduct. Webb v. Rice, 693 So.2d 1109, 1111 (Fla. 3d DCA 1997). Thus, misconduct is not mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertence, good faith errors in judgment or discretion, or ordinary negligence in isolated instances. Smith v. Krugman-Kadi, 547 So.2d 677, 679 (Fla. 1st DCA 1989). Indeed, misbehavior serious enough to warrant an employee's dismissal is not necessarily serious enough to sustain forfeiture of unemployment compensation benefits. Cooks v. Unemployment *1192 Appeals Comm'n, 670 So.2d 178, 180 (Fla. 4th DCA 1996).
In Rycraft, the case cited by the referee, the claimant had displayed open disdain for the employer's interests and failed to adhere to time and performance standards relative to myriad aspects of his employment. Here, in contrast, Home Shopping demonstrated merely that Frazier experienced lapses relative to this single work requirement. There was no evidence that he behaved intentionally or with a degree of carelessness or negligence that manifested a wrongful intent or evil design, or otherwise acted in a way that would constitute misconduct as defined in the statute.
We reverse and remand with directions to allow Frazier the benefits.
PARKER, A.C.J., and SILBERMAN, J., concur.