SHEVIN, Judge.
Kenneth E. Etienne appeals an order of the Unemployment Appeals Commission denying him unemployment compensation benefits. We reverse.
At the hearings before the appeals referee, the only evidence presented by the employer was the testimony of its Director of Human Resources, who was not present at any of the incidents leading to Mr. Etienne’s termination. As such, the director could only provide hearsay testimony regarding the events leading to termination and allegedly supporting denial of benefits. While hearsay is admissible in administrative proceedings, hearsay alone is insufficient to support the denial of unemployment compensation benefits. Cullen v. Neighborly Senior Servs., Inc., 775 So.2d 392 (Fla. 2d DCA 2000); Durall v. Unemployment Appeals Comm’n, 743 So.2d 166 (Fla. 4th DCA 1999); Brown v. Int’l Paper Co., 710 So.2d 666 (Fla. 2d DCA 1998); Doyle v. Florida Unemployment Appeals Comm’n, 635 So.2d 1028 (Fla. 2d DCA 1994). The statements of Muvico, Inc., employees, in the department’s file, were also hearsay and could not support the referee’s finding for the same reason. Competent substantial evidence to support denial of unemployment benefits cannot be based exclusively on hearsay. Cullen; Doyle.
Although Mr. Etienne admitted to leaving a bag of cash on a concession stand counter, it is unrebutted that the bag was left on a back counter not accessible to the public. This instance of poor judgment does not rise to the level of misconduct as that term is defined in section 443.036(29), Fla. Stat. (2000). Cullen; Doyle.
Accordingly, we reverse the order and remand to award Mr. Etienne unemployment benefits.
Reversed and remanded.