848 So.2d 1235 (2003)
Stephen E. YOST, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and HOPE of Lee County, Inc., Appellees.
No. 2D02-1313.
District Court of Appeal of Florida, Second District.
July 9, 2003.
*1237 Stephen E. Yost, pro se.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Appellee HOPE of Lee County, Inc.
NORTHCUTT, Judge.
In a split decision, the Unemployment Appeals Commission affirmed the order of an appeals referee denying unemployment compensation benefits to Stephen Yost. We reverse because the order was not supported by competent, substantial evidence.
The referee's written decision set forth the following findings of fact: Yost was employed as a social worker with HOPE of Lee County, Inc., a hospice organization, from March 6, 1995, until November 5, 2001. His duties required him to manage a caseload of clients. HOPE has a policy that requires social workers to contact each client once every fourteen days, and Yost was aware of this policy. In July 2001, Yost's superiors discovered that he had fallen behind in contacting his clients. They put him on a ninety-day probation and warned that he must follow the policy, or he might be discharged. During the probation Yost made thirty-five late contacts with clients. Yost's superiors discharged him.
The referee determined that Yost was discharged for misconduct connected with his work, and therefore was ineligible for unemployment compensation benefits under section 443.101(1)(a), Florida Statutes (2001). The UAC affirmed the decision. In a dissenting opinion, Commissioner Forst pointed out that the proof that Yost made late contacts with his clients consisted solely of hearsay in the form of time log entries allegedly made by Yost. These logs were not introduced into evidence. Commissioner Forst observed that such unsubstantiated hearsay, standing alone, was insufficient to support a finding of fact.
Commissioner Forst was correct. At the hearing before the referee, the sole basis for the testimony of Yost's supervisors was a computer detail report reflecting entries allegedly based on Yost's time sheets. Neither the report nor the time sheets were introduced. In administrative proceedings, including hearings before unemployment compensation appeals referees, hearsay evidence is admissible only for the purpose of explaining or supplementing other evidence. It is not sufficient, standing alone, to prove a material fact in issue unless it would be admissible over objection in a civil proceeding. See § 120.57(1)(c), Fla. Stat. (2001); Doyle v. Fla. Unemployment Appeals Comm'n, 635 So.2d 1028, 1032 (Fla. 2d DCA 1994); see also Brown v. Int'l Paper Co., 710 So.2d 666, 668 (Fla. 2d DCA 1998). The computer report was hearsay. Although it and the time sheets might have been introduced under the business records exception to the hearsay rule, § 90.803(6)(a), Fla. Stat. (2001), they were not presented at the hearing. That being the case, the testimony describing the report's content was double hearsay that was not admissible under the exception. See Bolin v. State, 736 So.2d 1160, 1167 (Fla.1999); Johnson v. State, 691 So.2d 43, 44 (Fla. 2d DCA 1997).
Yost's failure to object to the admissibility of this hearsay testimony does not preclude us from considering the *1238 sufficiency of the evidence to support the referee's order. Brown, 710 So.2d at 668; Doyle, 635 So.2d at 1032. We agree with Commissioner Forst that the evidence, consisting solely of inadmissible hearsay, could not support a denial of benefits to Yost.
Moreover, even if it had been proved by competent evidence that during Yost's probation he made thirty-five late client contacts, this fact was not, in itself, adequate to prove him guilty of misconduct so as to disqualify him from benefits. Consider: Yost's superiors estimated that during the probation his caseload ranged between twenty-five and thirty clients. Yost thought his caseload had reached thirty-five. Therefore, during those ninety days he was required to make between 160 and 225 client contacts. If thirty-five of his contacts were late, then 80 to 85% of his contacts were timely.
Obviously, Yost's superiors considered this insufficient, and we do not question their decision to terminate him. But misbehavior serious enough to warrant an employee's dismissal is not necessarily serious enough to sustain a forfeiture of unemployment compensation benefits. Frazier v. Home Shopping Club LP, 784 So.2d 1190, 1191 (Fla. 2d DCA 2001). In order to support a denial of benefits, "misconduct connected with work" is not mere inefficiency, unsatisfactory conduct, failure in good performance as the result of an inability or incapacity, inadvertence, good faith errors in judgment or discretion, or ordinary negligence in isolated instances. Id. Rather, the employer must prove that the employee behaved intentionally or with a degree of carelessness or negligence that manifests a wrongful intent or evil design, or otherwise acted in a way that would constitute misconduct as defined in section 443.036(29).[1]Id. at 1192.
Certainly, the deficiency in Yost's performance was not so facially extreme that it proved his misconduct standing alone. Nor did the record furnish any other basis for finding that his unsatisfactory work was the product of misconduct. In short, the referee's conclusion that Yost was guilty of misconduct connected with work was unsupported by any evidence, competent or otherwise.
Accordingly, we reverse and remand with directions to award Yost unemployment compensation benefits.
FULMER and CASANUEVA, JJ., concur.
NOTES
[1] Section 443.036(29) provides that for purposes of the unemployment compensation law, "misconduct" includes:

(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or (b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.