CASANUEVA, Judge.
James P. Johnson appeals a determination that he was not entitled to unemployment compensation benefits. Although his employer was justified in discharging him based on his refusal to attend a meeting, Mr. Johnson’s behavior did not constitute “misconduct connected with his work” [1] and was insufficient to support a denial of benefits. We thus reverse.[2]
At the hearing before the appeals referee, Mr. Johnson, a manager of a Denny’s restaurant and employed by Crum Staff *229 ing, Inc., testified he left for vacation on June 20, 2002, and was scheduled to return to work on June 30. His supervisor testified that while Mr. Johnson was on vacation, the supervisor performed an audit of the restaurant’s employment and time records and found what he believed were discrepancies. The supervisor left a message on Mr. Johnson’s home answering machine requesting him to call the supervisor before reporting back to work on June 30. After hearing this message, Mr. Johnson telephoned his subordinates at the restaurant and was told not only that the locks and safe combinations had been changed but they also believed that he no longer worked at the restaurant. Mr. Johnson then telephoned his supervisor and agreed to meet with him on July 1. According to Mr. Johnson, his supervisor told him during that call not to report to work on June 30.
On June 30, the supervisor called Mr. Johnson to confirm the July 1 meeting. At this time Mr. Johnson informed the supervisor that he believed that the decision to terminate him had already been made and refused to attend the meeting the next day. The supervisor told Mr. Johnson that a termination decision had not yet been made. The supervisor’s subsequent effort to arrange another meeting was rejected by Mr. Johnson, resulting in his termination on July 3. The employer then made his discharge effective June 20, as that was the last day he had worked at the restaurant. Mr. Johnson had an otherwise unblemished record in his seven-year history with this employer.
Upon these facts, the appeals referee determined that Mr. Johnson had engaged in misconduct — insubordination—egregious enough to disqualify him from receiving unemployment compensation by refusing to attend a meeting with his supervisor regarding discrepancies in the store audit. We note that the record before the appeals referee contained no evidence regarding alleged discrepancies in the audit that would constitute falsification of records or similar wrongdoing.
Section 443.036(29), Florida Statutes (2001), defines the term “misconduct” for purposes of unemployment compensation. Misconduct can consist of “[c]onduct evincing such wilful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect” of the employee or, alternatively, “[cjarelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations” to the employer. However, misconduct under the statute “is not mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertence, good faith errors in judgment or discretion, or ordinary negligence in isolated instances.” Frazier v. Home Shopping Club LP, 784 So.2d 1190, 1191 (Fla. 2d DCA 2001) (citing Smith v. Krugman-Kadi, 547 So.2d 677, 679 (Fla. 1st DCA 1989)). And “misbehavior serious enough to warrant an employee’s dismissal is not necessarily serious enough to sustain a forfeiture of unemployment compensation benefits.” Yost v. Unemployment Appeals Comm’n, 848 So.2d 1235, 1238 (Fla. 2d DCA 2003).
Here, Mr. Johnson’s refusal to attend a meeting after being requested to do so did not rise to the level of misconduct required by the statute to deny him benefits, especially as this was the only instance of misbehavior in Mr. Johnson’s seven-year history with the employer. He merely demonstrated poor judgment by relying on his subordinates’ assessment of the sitúa *230 tion instead of hearing what his supervisor had to say.
Accordingly, we reverse and remand with instructions to award Mr. Johnson any unemployment compensation benefits to which he is entitled.
WHATLEY and SALCINES, JJ., concur.

. § 443.101(l)(a), Fla. Stat. (2001).

. Mr. Johnson also contends that there was error in the manner in which the appeals referee conducted the telephonic hearing, but we find no basis for reversal on this ground.