SILBERMAN, Judge.
Greg Gomez appeals a final order of the Unemployment Appeals Commission (UAC) affirming the appeals referee’s decision that Gomez is disqualified from receipt of benefits because he was discharged for misconduct connected with work. We reverse the order because the factual finding to support the determina,tion of misconduct was based entirely on hearsay evidence.
The decision of the appeals referee reflects that Gomez was employed as a skip tracer for a collection agency from May 21, 2001, until December 30, 2002. The appeals referee based his finding of misconduct on (1) a final warning issued to Gomez on December 6, 2002, for using the Internet for personal reasons during business hours, in violation of the employer’s policy; (2) Gomez’s subsequent promise not to use the Internet for nonbusiness purposes; and (3) hearsay testimony that a computer-generated report, which was not introduced into evidence, showed that Gomez repeatedly broke that promise from December 7, 2002, through December 23, 2002, and accessed Internet sites for non-business purposes. Although the referee mentioned an earlier final warning given to Gomez in June 2002 for insubordination, the referee specifically relied on the Internet abuse that occurred after the December 6 warning to find misconduct.
The UAC upheld the referee’s decision, with one member dissenting. We agree with Commissioner Forst’s dissenting opinion that evidence of any Internet abuse after the warning of December 6, 2002, was hearsay and insufficient to support a finding of misconduct. In unemployment compensation hearings, “hearsay evidence is admissible only for the purpose of explaining or supplementing other evidence. It is not sufficient, standing alone, to prove a material fact in issue unless it would be admissible over objection in a civil proceeding.” Yost v. Unemployment Appeals Comm’n, 848 So.2d 1235, 1237 (Fla. 2d DCA 2003); see also § 120.57(l)(c), Fla. Stat. (2003). Although the employer had the right to terminate Gomez, the evidence was insufficient to prove misconduct connected with work so as to deny unemployment compensation *1035 benefits. See Yost, 848 So.2d at 1238. Therefore, we reverse the final order of the UAC and remand with directions to award Gomez unemployment compensation benefits.
Reversed and remanded.
FULMER and VILLANTI, JJ., Concur.