910 So.2d 948 (2005)
SUNSHINE CHEVROLET OLDSMOBILE, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Zahid N. Roy, Appellees.
No. 2D04-406.
District Court of Appeal of Florida, Second District.
September 23, 2005.
Gregory A. Hedaring of Thompson, Sizemore & Gonzalez, Tampa, for Appellant.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
No Appearance for Appellee Zahid N. Roy.
*949 CANADY, Judge.
Sunshine Chevrolet Oldsmobile appeals the order of the Unemployment Appeals Commission (UAC) affirming the appeals referee's decision that Zahid N. Roy was qualified for the receipt of unemployment benefits because he was not discharged due to misconduct. We conclude that the referee and the UAC properly determined that certain documentary evidence, which Sunshine offered without objection, constituted hearsay and thus was not sufficient in itself to establish that Roy was guilty of misconduct. We therefore affirm the decision that Roy was qualified for the receipt of benefits.

Background
After Sunshine received complaints about Roy's work, Roy's comments made around and about women, and his work attendance, Roy was discharged from work by Sunshine allegedly due to racist and sexually inappropriate remarks, his job performance, and his attendance. Roy applied for unemployment benefits, and his application was granted by the claims examiner. Sunshine appealed the claims examiner's decision. In the proceedings before the appeals referee, Sunshine was represented by Jim Brakeman, vice president and chief financial officer of Sunshine, who testified that he was responsible for human resources and was custodian of the company's records. Roy did not appear at the proceeding. Prior to the hearing, Sunshine had submitted a compilation of various documents relating to Roy with the request that the documents be accepted "as evidence of misconduct by Mr. Roy." At the hearing, Brakeman made reference to the documentary submission as "a pretty thick document" that is "pretty complete with ... a number of ... observations about the shortcomings of Mr. Roy's work." Brakeman did not, however, specifically proffer the documents as records of regularly conducted business activity or provide any testimony concerning the circumstances of the creation of the documents.
The appeals referee determined that Sunshine had failed to meet its burden of showing that Roy's discharge was for misconduct connected with his work. The referee based this determination on the fact that Sunshine "presented primarily hearsay evidence." In affirming the referee's decision, the UAC noted that requirements for the introduction of records of regularly conducted business activity were not satisfied at the hearing and that "the referee properly discounted the hearsay evidence" on which Sunshine relied.

Argument on Appeal
On appeal, Sunshine contends that the UAC failed to properly apply the hearsay exception for records of regularly conducted business activity. Sunshine points out that "the appeals referee did not consider whether the [documentary] evidence would be admissible under the business record exception to the hearsay rule" and that the referee accordingly did not "indicate that any of the fifty-six documents produced by Sunshine were hearsay and/or inadmissible under the business record exception." Sunshine also relies on Roy's failure to object to the documentary evidence. Sunshine argues that "[m]any of the documents at issue constitute business records that fit within the exception under section 90.803(6)[, Florida Statutes (2002)]." According to Sunshine, the "records were introduced and explained by Sunshine's document custodian" and many of them  such as evaluation notes, invoices, contemporaneous memos, exit interview notes, and time sheets  "are clearly records that a company uses as part of its regular course of business." Sunshine contends that "[i]f there was any doubt" concerning the status of the records, "that issue could *950 have been clarified if the appeals referee had simply asked the [employer's representative] whether the documents were created as part of the normal course of business."
The UAC argues that the referee correctly considered the documents to be hearsay because they were not properly authenticated as records within the business records exception to the hearsay rule. The UAC contends that such hearsay evidence standing alone could not meet Sunshine's burden of proving that Roy was discharged for misconduct connected with his work.

Analysis
Generally, in formal administrative proceedings all "evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs [is] admissible, whether or not such evidence would be admissible in a trial in the courts of Florida." § 120.569(2)(g), Fla. Stat. (2002). An administrative action will be reversed on appeal if the "action depends on any finding of fact that is not supported by competent, substantial evidence in the record" of the administrative hearing. § 120.68(7)(b). Section 120.57(1)(c) specifically provides that in administrative hearings "[h]earsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." See CF Chems., Inc. v. Fla. Dep't of Labor & Employment Sec., 400 So.2d 846, 848 (Fla. 2d DCA 1981).[1]
Florida Administrative Code Rule 60BB-5.024(3)(d) sets forth provisions governing the receipt of evidence in hearings before unemployment compensation appeals referees. The rule tracks the provisions of section 120.57(1)(c) regarding hearsay evidence. The rule also provides:
A party or the party's representative may advise the appeals referee of a defect in the character of any evidence introduced by voicing an objection. The objecting party shall be given an opportunity to explain the grounds for the objection. Failure of a party to voice an objection to any evidence introduced at the hearing shall not prevent the party from raising the objection on appeal to the Unemployment Appeals Commission.
Fla. Admin. Code R. 60BB-5.024(3)(d).
Section 90.803(6) sets forth the requirements for the hearsay rule exception for records of regularly conducted business activity. Under the statutory provisions, three conditions must be satisfied for a record to fall within the scope of the exception. First, the record must be "of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge." Second, the record must be "kept in the course of a regularly conducted business activity." Third, it must be "the regular practice of that business activity to make such" records. The satisfaction of these requirements must be "shown by the testimony of the custodian or other qualified witness" or by an appropriate written certification or declaration. Even if the applicable requirements are all met, the hearsay exception is not applicable if "the sources of information or other circumstances show lack of trustworthiness."
In the instant case, it appears that certain of the documents submitted by *951 Sunshine might well have qualified as records of regularly conducted business activity under section 90.803(6), which would have been "admissible over objection in civil actions" and thus "sufficient in [themselves]" pursuant to section 120.57(1)(c) to support a finding with respect to misconduct by Roy. But Sunshine simply failed to establish the proper basis for the referee to consider the records as such evidence that would be sufficient in itself to support a finding of misconduct. Although Sunshine's representative at the hearing testified that he was the custodian of Sunshine's records, he provided no testimony to establish that any of the three requirements of section 90.803(6) were satisfied. Sunshine simply submitted the documents to the referee without providing an appropriate certification or declaration or any testimony concerning the creation of the particular records submitted or Sunshine's practice with respect to such records. In short, Sunshine presented nothing to establish that the documents were within the scope of the business records exception.
The formalities with respect to the submission of evidence admittedly are somewhat relaxed in the context of administrative proceedings. See Castillo v. Dep't of Mgmt. Servs., Div. of Ret., 633 So.2d 531, 533 (Fla. 2d DCA 1994) (noting "relaxed standard for the admissibility of evidence in administrative proceedings"); CF Chems., Inc., 400 So.2d at 848 (stating that "rigorous and technical adherence to [the] rules [regarding evidence] may not be exacted upon appeal [from the UAC] if the court is satisfied on the entire record before it that the findings of the lower tribunal were correct"). Those formalities are not, however, eliminated entirely.
A party seeking to rely on business records as sufficient in themselves to support a finding in an administrative proceeding must make the showing required by section 90.803(6). See Wark v. Home Shopping Club, Inc., 715 So.2d 323, 324 (Fla. 2d DCA 1998) (holding that documentary evidence was not competent in itself to support determination of misconduct "because no testimony was presented at the hearing which could establish the predicate necessary to admit the [documents] as a business record exception to the hearsay rule"); Doyle v. Fla. Unemployment Appeals Comm'n, 635 So.2d 1028, 1032 (Fla. 2d DCA 1994) (stating that "when documentation is offered as the sole evidentiary support for a finding of misconduct... it can only be used as a basis for disqualification if it is properly admitted under one of the hearsay exceptions"); CF Chems., Inc., 400 So.2d at 848 (holding that although "foundation for the document might have been better laid," testimony established that personnel document fell within scope of business records exception). In the absence of a showing by Sunshine that the documents submitted fell within the scope of the hearsay rule exception for records of regularly conducted business activity, the referee and the UAC were precluded from relying on those records as sufficient evidence that Roy was guilty of misconduct.
In the context of the administrative proceeding, Roy's failure to raise an objection concerning the documents submitted by Sunshine did not prevent the referee from treating those documents as hearsay evidence that was insufficient in itself to meet Sunshine's burden of establishing that Roy was guilty of misconduct. Rule 60BB-5.024(3)(d) specifically provides that an evidentiary objection need not be made before the referee in order to be raised before the UAC. Since Roy's failure to object to the documents submitted by Sunshine would not foreclose him from raising an objection before the UAC, the absence of such an objection before the referee did *952 not foreclose the referee from determining that the documents were not within the scope of the business records exception and were thus hearsay which in itself was not sufficient to support Sunshine's claim of misconduct by Roy. See Yost v. Unemployment Appeals Comm'n, 848 So.2d 1235, 1237-38 (Fla. 2d DCA 2003) (holding that "evidence, consisting solely of inadmissible hearsay, could not support a denial of benefits" notwithstanding employee's "failure to object to the admissibility of this hearsay testimony"); Doyle, 635 So.2d at 1032 ("The fact that an employee does not object to the admissibility of such critical documentary evidence does not preclude an appellate court from considering the sufficiency of the evidence to support the UAC's decision."); Harris v. Game & Fresh Water Fish Comm'n, 495 So.2d 806, 809 (Fla. 1st DCA 1986) (holding that "a party's failure to object to admissibility does not foreclose him from subsequently asserting ... that such hearsay evidence was insufficient because there was no competent evidence introduced which the hearsay evidence could, in the language of the statute, `supplement or explain'"). But see Tri-State Sys., Inc. v. Dep't of Transp., 500 So.2d 212, 215 (Fla. 1st DCA 1986) (holding in appeal from administrative proceeding that "as unobjected-to hearsay the testimony became part of the evidence in the case and was usable as proof just as any other evidence").[2]

Conclusion
Because the referee and UAC did not err in treating the documents submitted by Sunshine as hearsay evidence that was insufficient standing alone to establish misconduct by Roy, we affirm the UAC's affirmance of the referee's ruling that Roy was qualified for the receipt of unemployment benefits.
Affirmed.
SALCINES, J., concurs.
ALTENBERND, J., concurs with opinion.
ALTENBERND, Judge, concurring.
I fully concur in this decision but question whether an employer should be given a right to rehearing before the appeals referee under these circumstances. As our opinion reflects, Sunshine Chevrolet Oldsmobile was represented in the administrative proceeding by a corporate officer untrained in the law and the rules of evidence. Sunshine filed documents in support of its claim of misconduct months before the evidentiary hearing. No one objected to those documents. Mr. Roy did not attend the hearing. The hearing was conducted over the telephone, and the referee asked all of the questions. The documents were discussed extensively. The referee never ruled that he was excluding the documents or that they were of limited value without additional testimony. Near the end of the hearing, Sunshine's representative offered to bring other people to the telephone who were more familiar with the events detailed in the documents, and the referee simply stated, "I'm pretty much through, sir."
It is obvious from the record that Sunshine had several witnesses that it could have brought to the telephone if its corporate representative had been given notice that his records were either not admissible or admissible for limited purposes. Admittedly, the employer has the burden of *953 proof on the issue of misconduct and should be prepared to prove its case. On the other hand, in these telephonic hearings where no one is represented by an attorney, the referee tends to take on the role of attorney for both sides, as well as serving as the judge. From a procedural due process perspective it seems a little unfair that the employer is first notified about a defect in its evidence when it receives the written ruling and can no longer takes steps to present additional testimony.
NOTES
[1] For a general discussion of the principles of evidence applicable in administrative proceedings, see Scott Boyd, Overview of the Administrative Procedure Act, in Florida Administrative Practice § 2.48 (2004).
[2] For a discussion of perceived problems involved in allowing the subsequent rejection of evidence which has been submitted without objection in administrative proceedings, see Bellsouth Adver. & Publ'g Corp. v. Unemployment Appeals Comm'n, 654 So.2d 292, 297 (Fla. 5th DCA 1995), and Charles W. Ehrhardt, Florida Evidence § 103.2 (2005).