933 So.2d 123 (2006)
HIALEAH HOUSING AUTHORITY, Appellant,
v.
Marta GARCIA, et al., Appellees.
No. 3D05-1503.
District Court of Appeal of Florida, Third District.
June 7, 2006.
*124 Citrin & Walker and J. Frost Walker, III, Coral Gables, for appellant.
Manzini & Associates and Nicolas A. Manzini, for appellee Marta Garcia.
Before LEVY and WELLS, JJ., and SCHWARTZ, Senior Judge.
WELLS, Judge.
Employer, Hialeah Housing Authority, appeals from a decision of the Unemployment Appeals Commission reversing a determination by an appeals referee disqualifying an employee from receiving unemployment compensation benefits because she had engaged in misconduct connected with work. See 443.036(29), Fla. Stat. (2005).[1] We agree with the UAC that the facts as found by the appeals referee, while justifying termination of this employee, do not, as a matter of law, constitute misconduct connected with work so as to disqualify her from receiving unemployment compensation benefits. See Johnson v. Unemployment Appeals Comm'n, 884 So.2d 228, 229 (Fla. 2d DCA 2004) (confirming that misconduct under this provision is not mere inefficiency, unsatisfactory conduct, poor performance as a consequence of incapacity, inadvertence, good faith errors in judgment or discretion, or ordinary negligence in isolated instances and that misbehavior serious enough to warrant dismissal is not necessarily serious enough to sustain a forfeiture of unemployment benefits); Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996) (stating that "[a]lthough an employee's actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits").
Accordingly, we affirm.
NOTES
[1] Section 443.036(29) in pertinent part provides:

"Misconduct" includes, but is not limited to, the following, which may not be construed in pari material with each other:
(a)Conduct demonstrating willful or wanton disregard of an employer's interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b)Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.