ORFINGER, J.
 

 The employer, Mid-Florida Freezer Warehouses, Ltd., challenges an award of unemployment benefits to its former employee, Dale McNeely. The employer maintains that McNeely was properly terminated for misconduct and that the appeals referee erred as a matter of law in failing to consider documentary evidence of McNeefys excessive absences and tardiness. We agree and reverse.
 

 McNeely began working for the employer as a warehouse dock supervisor in 2000. He was terminated from employment in November 2008 for excessive absenteeism and tardiness. After his initial application for unemployment compensation benefits was denied, McNeely appealed and a hearing was held before an appeals referee.
 

 At the hearing, William Koeditz, the employer’s general manager, testified that the employer has an attendance policy, which provides that excessive or unexcused tardiness may be grounds for disciplinary action up to and including dismissal. While Koeditz was not McNeely’s direct supervisor, he testified that McNeely had been tardy and absent from work on many occasions. In fact, on two prior occasions, Koeditz personally administered warnings to McNeely about his
 
 *1017
 
 excessive tardiness and absences. And, on the date that McNeely was terminated, Koeditz saw him arrive late, and again warned him. McNeely was subsequently terminated from employment due to his repeated absenteeism and tardiness. Without objection from McNeely or comment by the appeals referee, Koeditz offered into evidence various documents kept by the employer concerning McNeely’s attendance and tardiness. These documents included three written warnings to McNeely, evidence of a verbal warning, a form signed by McNeely acknowledging receipt of the employer’s company policy, the attendance policy and McNeely’s separation notice, and his information sheet.
 

 McNeely acknowledged that he had been tardy or absent from work on various occasions. He admitted that he was late at times because he overslept. However, he claimed that he was also late or absent due to dentist appointments and to care for his ill mother, although he could not say the days that these incidents occurred. Notwithstanding, he indicated that he called his direct supervisor on every occasion that he was tardy or absent.
 

 The appeals referee issued an order awarding benefits to McNeely, finding that the employer had presented only hearsay evidence as its witness did not have firsthand knowledge of McNeely’s separation:
 

 The claimant was employed as a supervisor for a freezer warehouse employer beginning in 2000. The claimant worked full time. The claimant was absent or tardy for the job due to personal health issues or due to the health issues of his mother. The claimant notified the employer and reported his lateness or absences. The claimant was discharged on November 13, 2008, because the claimant’s attendance did not meet the employer’s standards.
 

 [T]he employer witness [Koeditz] was without first hand knowledge of the claimant’s separation and presented hearsay evidence regarding the circumstances of the discharge. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it is not sufficient in itself to support a finding of fact unless it would be admissible over objection in civil actions.
 

 As a result, the referee concluded that McNeely was not disqualified from receipt of benefits because he was discharged from employment for unproven misconduct. The employer appealed this decision to the Commission, which affirmed the referee’s decision.
 

 An appeals referee’s “findings are to be accorded a presumption of correctness.”
 
 Szniatkiewicz v. Unemployment Appeals Comm’n,
 
 864 So.2d 498, 501 (Fla. 4th DCA 2004). The Commission’s standard of review of an appeals referee’s decision is whether the appeals referee’s findings of fact are based on competent, substantial record evidence and whether the proceedings on which those findings are based complied with the essential requirements of law.
 
 Howell & O’Neal v. Fla. Unemployment Appeals Comm’n,
 
 934 So.2d 570, 575 (Fla. 1st DCA 2006). The appeals referee, as the trier of fact, is privileged to weigh and reject conflicting evidence, and the Commission cannot reweigh the evidence and substitute its findings for those of the referee.
 
 Id.
 
 While the Commission may reject the referee’s conclusions of law without limitation, it may not modify the facts to reach a different legal conclusion, rely on facts that were not established at the hearing, or rely on a theory not advanced by one party or anticipated by the other.
 
 See Szniatkiewicz,
 
 864 So.2d at 502. On appeal, this Court cannot make credibility determina
 
 *1018
 
 tions or substitute its judgment for that of the referee, and instead, must uphold the referee’s decision where there is competent, substantial evidence to support the decision.
 
 Atcitty v. Unemployment Appeals Comm’n,
 
 907 So.2d 1223, 1224 (Fla. 5th DCA 2005). However, this Court can overturn a legal conclusion of the Commission that is clearly erroneous.
 
 See Ford v. Se. Atl. Corp.,
 
 588 So.2d 1039, 1040 (Fla. 1st DCA 1991).
 

 Under section 443.101(l)(a), Florida Statutes (2009), an employee is disqualified from receiving unemployment compensation if his discharge resulted from “misconduct connected with his or her work.” Section 443.036(29), Florida Statutes (2009), defines “misconduct” for purposes of determining whether a claimant is disqualified from receiving benefits under section 443.101(l)(a). An employee claimant who. is discharged because of excessive, unauthorized absenteeism commits “misconduct” under section 443.036(29) because the absences “presumptively hampers the operation of a business and [are] inherently detrimental to an employer.”
 
 Tallahassee Hous. Auth. v. Fla. Unemployment Appeals Comm’n,
 
 483 So.2d 413, 414 (Fla.1986). However, absences that are properly reported to -the employer and are for compelling reasons, such as illness, do not constitute misconduct associated with work.
 
 Franklin v. Unemployment Appeals Comm’n,
 
 841 So.2d 682, 685 (Fla. 2d DCA 2003);
 
 Cargill, Inc. v. Hill,
 
 503 So.2d 1340,1342 (Fla. 1st DCA 1987).
 

 In determining whether disqualifying misconduct has occurred, the statute is liberally interpreted in favor of the employee.
 
 Thomas v. United Parcel Serv., Inc.,
 
 864 So.2d 567, 569 (Fla. 2d DCA 2004). An employer has the burden of proving that the employee was discharged due to the employee’s excessive unauthorized absenteeism. Once the employer meets its burden of proving excessive unauthorized absenteeism, the burden shifts to the employee to rebut the presumption that his absenteeism constituted “misconduct” under the statute.
 
 Tallahassee Hous. Auth.,
 
 483 So.2d at 414.
 

 The employer argues that it presented evidence of excessive, unexcused absences, which created a presumption of misconduct that McNeely failed to overcome. The Commission counters that the employer offered no substantial, competent evidence of excessive, unauthorized absences because the employer’s witness, Koeditz, lacked firsthand knowledge of McNeely’s attendance. Instead, Koeditz’s testimony was based on hearsay,
 
 i.e.,
 
 the employer’s time clock system. However, the employer never offered McNeely’s time record, and while the evidence demonstrated that the employer warned McNeely in the past, it did not provide any dates or times when McNeely was allegedly late or absent.
 

 In unemployment compensation hearings, “hearsay evidence is admissible only for the purpose of explaining or supplementing other evidence. It is not sufficient, standing alone, to prove a material fact in issue unless it would be admissible over objection in a civil proceeding.”
 
 Yost v. Unemployment Appeals Comm’n,
 
 848 So.2d 1235, 1237 (Fla. 2d DCA 2003); see
 
 also
 
 § 120.57(1)(c), Fla. Stat. (2009) (Hearsay evidence may be used to supplement or explain other evidence “but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.”); Fla. Admin. Code R. 60BB-5.024(3)(d) (setting forth provisions governing receipt of evidence in hearings before unemployment compensation appeals referee).
 

 Our review of the record leads us to conclude that the appeals referee and the Commission erroneously viewed Koe-
 
 *1019
 
 ditz’s testimony as wholly inadmissible hearsay. Koeditz had firsthand knowledge of some, if not most, of McNeely’s absences. He testified that he had personally administered two warnings to McNeely about excessive absences, one in July 2008 and another in August 2008. Koeditz additionally testified that he saw McNeely arrive late on November 18, 2008, and gave him a third warning about absenteeism, which resulted in termination. As a result, the documentary evidence offered by the employer, though hearsay, should have been considered to supplement or explain Koeditz’s testimony of excessive absences and tardiness as well as McNeely’s admission to instances of tardiness or absenteeism, albeit due to dental work and his mother’s health needs. Instead, the appeals referee declined to consider any of the documentary evidence. That was error.
 
 See, e.g., BellSouth Adver. & Pub. Corp. v. Unemployment Appeals Comm’n,
 
 654 So.2d 292 (Fla. 5th DCA 1995) (finding that hearsay report compiled by employer’s human resources representative as to alleged misconduct by employee in workplace was admissible in unemployment benefits proceeding to buttress non-hearsay evidence of alleged misconduct and to discredit employee’s explanations and excuses for conduct).
 

 The employer also argues that its documentary evidence was not inadmissible hearsay, but rather was admissible under the business records exception to the hearsay rule and that the appeals referee erred in concluding otherwise. The Commission contends that the appeals referee excluded the documents because the employer failed to provide copies of the documents to McNeely prior to the hearing as required by the provisions of the notice of hearing.
 
 [1]
 
 However, this argument is different than the appeals referee’s decision, as well as its own final order. In the proceedings below, the appeals referee held that that the documentary evidence was hearsay and was not sufficient in itself to support a finding of fact. The referee made no mention of the failure to provide copies of the documents to McNeely prior to the hearing. Further, the Commission’s final order affirming the appeals referee’s decision states “that the referee properly discounted the hearsay evidence.” Hence, it is clear the evidence was not considered because it was deemed to be hearsay, not due to its belated disclosure.
 

 Section 90.803(6), Florida Statutes (2009), contains a hearsay exception for certain business records. In order to qualify for admission under this exception, three conditions must be satisfied: (1) the record must be “of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge;” (2) the record must be “kept in the course of a regularly conducted business activity” and (3) it must be “the regular practice of that business activity to make such” records.
 
 Sunshine Chevrolet Oldsmobile v. Unemployment Appeals Comm’n,
 
 910 So.2d 948, 950 (Fla. 2d DCA 2005). Typically, these requirements are satisfied “by the testimony of the custodian or other qualified witness” or by an appropriate written certification or declaration.
 
 Id.
 
 The formalities with respect to submission of such evidence are somewhat relaxed in the context of administrative proceedings, but are not eliminated entirely.
 
 Id.
 
 Here, the employer made no effort to satisfy the require
 
 *1020
 
 ments of section 90.803(6). Indeed, the employer never sought to introduce the documentary evidence at the hearing under the business records exception. Having faded to satisfy the conditions for admissibility, no error can be established on appeal on this ground.
 

 The procedure utilized at the hearing to take evidence, though complying with Florida Administrative Code Rule 60BB-5.024(3)(d), varies significantly from that employed in civd actions. For instance, there was no objection when the employer presented the documents and Koeditz referred to them. Additionally, at the hearing, the appeals referee did not indicate that the documents were inadmissible hearsay and that the employer needed to satisfy the business records exception to the hearsay rule if it wanted the documents considered. It was only when the appeals referee rendered its written decision that the hearsay infirmity was noted.
 

 Admittedly, the employer has the burden of proof on the issue of misconduct and should be prepared to prove its case. On the other hand, in these telephonic hearings when no one is represented by an attorney, the appeals referee tends to take on the role of attorney for both sides as well as serving as the judge. From a procedural due process perspective, it is unfair that a party is first notified about a defect in its evidence when it receives the written ruling and can no longer take steps to present additional testimony to lay the predicate for the admission of the records.
 
 See Sunshine Chevrolet Oldsmobile,
 
 910 So.2d at 952 (Altenbernd, J., concurring).
 

 The appeals referee erred in viewing all of Koeditz’s testimony as hearsay and refusing to consider it or the records that he offered. Much of what Koeditz testified to was within his personal knowledge and was not hearsay. The matter must be remanded for reconsideration in light of Koeditz’s testimony and the documents offered into evidence.
 

 REVERSED and REMANDED.
 

 TORPY and JACOBUS, JJ., concur.
 

 [1]
 

 . The employer failed to provide copies of the documents to McNeely prior to the hearing despite being informed in writing that only documents provided to the hearing officer and opposing party in advance would be considered. However, no objection was made about the late disclosure nor has any prejudice been shown.