717 So.2d 120 (1998)
Dwayne R. BARNES, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Vic Osman Lincoln Mercury, Inc., Appellees.
No. 97-2351.
District Court of Appeal of Florida, Fourth District.
September 9, 1998.
*121 Dwayne R. Barnes, Fort Pierce, pro se.
William T. Moore, Tallahassee, for Appellee-Unemployment Appeals Commission.
PER CURIAM.
Dwayne R. Barnes appeals from a final order of the Unemployment Appeals Commission affirming the decision of the appeals referee which disqualified him from receipt of unemployment benefits. We reverse.
The issue on appeal is whether the appeals referee correctly determined that Barnes' conduct amounted to misconduct as defined in Florida Statute § 443.036(26) (1997) so as to disqualify him from receiving unemployment benefits.
The appeals referee made the following findings of fact:
The claimant was employed by the employer as a service technician beginning January 17, 1996. On September 13, 1996, the claimant was given a written warning as a result of repair jobs that the claimant had performed. As a result of that warning, the claimant was advised that if there were to be any further difficulties, the claimant would be discharged. On December 27, 1996, the claimant was performing a lube, oil and filter change to a vehicle. The employer has a bulk machine which pumps oil into vehicles when an oil change is performed. The claimant had gone to the parts department to have the bulk machine turned on. The claimant did open and install the hose to fill the vehicle with oil. The claimant had assumed that the vehicle had been filled with oil. The claimant could then use a dip stick as well as turning on the engine of the vehicle to determine that the oil change had been properly completed. The claimant did turn on the engine of the vehicle, but did not use the dip stick to determine if the vehicle was in fact filled with oil. The oil had not been pumped into the vehicle and as a result of the oil not having been in the vehicle, the employer had to replace the engine for the customer in question. As a result of the above incident, the claimant was discharged on January 3, 1997. (Emphasis added.)
The above findings of fact do not support the referee's conclusion of law that Barnes was discharged for misconduct connected with work. Florida Statute § 443.036(26) (1997) defines misconduct. It provides:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other: (a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or (b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
The question to be determined is "whether the evidence supports a conclusion that appellant was guilty of misconduct as that term is defined by the statute.". Trinh Trung Do. v. Amoco Oil Co., 510 So.2d 1063, 1064 (Fla. 4th DCA 1987). The statute defining misconduct should be liberally construed *122 in favor of a claimant when determining whether a claimant should be disqualified from receiving unemployment benefits. Cooks v. Unemployment Appeals Comm'n, 670 So.2d 178 (Fla. 4th DCA 1996). "Moreover, misbehavior serious enough to warrant an employee's dismissal is not necessarily serious enough to sustain forfeiture of compensation benefits." Id. at 180.
The appeals referee found that "the claimant could then use a dip stick as well as turning on the engine of the vehicle to determine that the oil change had been properly completed." Claimant did not check the dip stick. He mistakenly assumed the oil had been pumped because he had arranged for it to be turned on and the nozzle had been opened up. Turning on the engine was not sufficient to confirm that the oil had been pumped. Barnes exercised poor judgment in not checking the dip stick, but we do not believe that this omission rises to the level of misconduct connected with work as provided by the statute. The facts recounted above support a finding of poor judgment or inattention but are not sufficient to constitute an intentional disregard of his employer's interests. See Spaulding v. Florida Indus. Comm'n, 154 So.2d 334 (Fla. 3d DCA 1963).
The matter is reversed and remanded for an order to be entered allowing Barnes to receive unemployment benefits.
REVERSED and REMANDED.
STONE, C.J., and GROSS and TAYLOR, JJ., concur.