PER CURIAM.
Mary Glen LaCharite appeals from a final order of the Unemployment Appeals Commission (UAC) precluding her from receiving unemployment benefits. Because the UAC erred as a matter of law in affirming the decision of the appeals referee, which concluded that LaCharite’s actions constituted disqualifying misconduct connected with work within the meaning of section 443.036(29), Florida Statutes (2003), we reverse.
LaCharite was employed as an MRI technologist with Open Magnetic Imaging, Inc. (“employer”) from September 3, 2002, until November 13, 2003, where she routinely administered saline IVs. At some point during late September or early October of 2003, she administered an IV to a fellow co-worker, after obtaining permission from her office manager. On November 13, 2003, LaCharite was discharged for failing to procure a doctor’s permission to administer an IV.[1]
During the evidentiary hearing before the appeals referee, the employer’s witness testified that ordinarily a verbal order from a physician was required prior to, or within a day of, starting an IV. Instances when certain authorizations were required were generally described in the company’s policies and procedures manual. However, LaCharite testified that she was not aware that her actions violated company policy as she was never given any policy documentation informing her of such or told that such conduct was unacceptable or inappropriate. Furthermore, she claimed that her orders were primarily given by the front office and not directly from a physician. The referee determined that, because La-Charite’s actions constituted misconduct connected with work, she was not entitled to unemployment benefits. A majority of the UAC affirmed this determination, with one member dissenting on the basis that the record did not show that LaCharite’s “isolated error in judgment” rose to the level of misconduct, as defined by the statute.
Under the provisions of section 443.101(l)(a), Florida Statutes (2003), an individual shall be disqualified for benefits *356 “for misconduct connected with his or her work.” Section 443.036(29), Florida Statutes (2003), defining the term “misconduct,” provides:
“Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.
When determining whether a claimant should be disqualified from receiving unemployment benefits, the statute defining “misconduct” should be liberally constfued in favor of a claimant. See Mason v. Load King Mfg. Co., 758 So.2d 649, 655 (Fla. 2000); Barnes v. Unemployment Appeals Comm’n, 717 So.2d 120, 121-22 (Fla. 4th DCA 1998), citing Cooks v. Unemployment Appeals Comm’n, 670 So.2d 178 (Fla. 4th DCA 1996). Although certain actions of employees may warrant termination, they do not necessarily demonstrate the existence of disqualifying misconduct contemplated by section 443.036(29). See, e.g., Blodgett v. Florida Unemployment Appeals Comm’n, 880 So.2d 814, 815 (Fla. 1st DCA 2004), citing McCarty v. Florida Unemployment Appeals Comm’n, 878 So.2d 432 (Fla. 1st DCA 2004). For instance, when a violation of company policy is concerned, as in the instant case, repeated violations after several warnings are usually required, rather than a single act of insubordination, in order to amount to “misconduct.” See Erber v. Federal Express Corp., 409 So.2d 522 (Fla. 5th DCA 1982)(concluding that .the claimant, who was discharged for failing to follow the company procedure for disciplining an employee he supervised, was not acting willfully, wantonly, or with such a substantial disregard of his employer’s interests as to warrant the denial of benefits); Grossman v. J.C. Penney Co.2071, 689 So.2d 1206 (Fla. 3d DCA 1997)(holding that the claimant’s actions ,in making store purchases while on. a paid break in violation of. store policy were .not sufficient to support a denial of benefits).
LaCharite’s actions in this case, while arguably warranting her- discharge, were not sufficiently egregious, willful, or wanton to support a denial , of unemployment benefits. At best, her violation of company policy was an incident, of poor judgment that did not rise to a level of “misconduct,” within the meaning of the statute. See §§ 443.036(29), Fla. Stat. (2003). LaCharite does not deny having administered a saline IV to her co-worker without the requisite doctor’s authorization, but she asserts that she believed her conduct to be permissible, particularly in light of the fact that the incident was discussed during a department -meeting, and she received neither a reprimand nor a warning prior to her termination. ' See Bulkan v. Florida Unemployment Appeals Comm’n and Terry Ford Co., 648 So.2d 846 (Fla. 4th DCA 1995)(holding that an automotive technician who committed an isolated infraction.of company policy with no warnings did not commit “misconduct of such magnitude as to amount to a sacrifice of. unemployment compensation”). LaCharite’s efforts to comply, by asking permission from the office manager, where the record indicates that she rarely obtained direct orders from a physician, demonstrate a good faith error in judgment, rather than misconduct warranting forfeiture of all unemployment compensation. See also Finish Line Feed, Inc. v. *357 Acosta, 748 So.2d 1089, 1090 (Fla. 4th DCA 2000)(“[P]roof of the claimant’s violation of the employer’s known policy did not rise to the level of disqualifying misconduct connected with work”); Tucker v. Florida Dep’t of Com., 366 So.2d 845, 847 (Fla. 1st DCA 1979), quoting Fredericks v. Florida Dep’t of Com., IRC, 323 So.2d 286, 288 (Fla. 2d DCA 1975)(“[M]ere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed ‘misconduct’ within the meaning of the statute.”)
Thus, the UAC erred as a matter of law in concluding that LaCharite’s actions amounted to misconduct sufficient to bar recovery of unemployment benefits. See Barnes, 717 So.2d at 121(holding that whether a claimant committed misconduct connected with work is a question of law). Accordingly, we reverse and remand to the UAC to enter an order awarding LaChar-ite unemployment benefits.
REVERSED and REMANDED with instructions.
BOOTH, VAN NORTWICK and PADOVANO, JJ., concur.

. Information about the incident surfaced during an investigation regarding a formal complaint LaCharite had filed against her supervisor for alleged harassment.