WELLS, Judge.
 

 Nancy Arroyo appeals from an order of the Unemployment Appeals Commission affirming a decision of an unemployment appeals referee denying Arroyo’s claim for unemployment compensation. Because the facts fail to establish misconduct connected with work, we reverse.
 

 Arroyo was hired by Marshalls of MA, Inc. in November of 1995 to work part-time in customer service. As part of her duties, Arroyo was to make returns of merchandise from customers. According to company policy, about which Arroyo was aware, merchandise returns were to be made always in the presence of the customer by circling returned items on the original sales receipt; scanning the bar-code of returned items on the original receipt; entering the department, style and price of the items being returned in the computer (register); reimbursing funds to the customer for returned items if appropriate; having the customer sign a refund slip; and (herself) signing the refund slip.
 

 In May of 2004, Arroyo was warned for returning merchandise in excess of $100.00, without getting the signature of a customer service supervisor, as required. Approximately four years later, she was counseled about speaking harshly to a supervisor. In June 2009 she was fired for making returns when no customers were present.
 

 Following her June 2009 discharge, Arroyo applied for and received unemployment benefits. Marshalls appealed and following an evidentiary hearing, benefits were denied on a finding that Arroyo’s discharge was for misconduct connected with the work. During the evidentiary hearing Marshalls’ loss prevention investigator testified that he had viewed a security video tape which showed Arroyo conducting a number of merchandise returns when customers were not present. During three of these transactions, he observed Arroyo return items and place refunds in plastic bags and sign receipts for customers. Both this witness and Marshalls’ loss prevention manager testified that Arroyo, when questioned, admitted in writing that she had knowingly violated company policy by signing refund documents for customers.
 

 However, Arroyo testified (and stated in writing at the time her employment was terminated), that although she was aware of Marshalls’ return policy, from time to time, when a customer would step away from the counter during a return transaction to go to the bathroom or to get other merchandise, she would continue to process the return and then sign the receipt to finalize the transaction. According to Arroyo, she did this to assist the customer and to generate good customer relations for her employer; there was no evidence that Arroyo kept any refund monies for herself.
 

 
 *494
 
 While we agree that on this record Arroyo’s termination from her job was justified, we cannot agree that this conduct constitutes misconduct that would disqualify her from receiving benefits.
 

 Section 443.101(l)(a), of the Florida Statutes disqualifies a terminated employee from receiving unemployment benefits when that employee “has been discharged by his or her employing unit for misconduct connected with his or her work.” § 443.101(l)(a), Fla. Stat. (2010). The term “misconduct connected with work” as utilized in Chapter 443 is, however, more than just inadvertence, inefficiency, incapacity, bad judgment or unsatisfactory behavior. It is intentional behavior or behavior evidencing a degree of carelessness or negligence that “manifests a wrongful intent or evil design.”
 
 [1]
 

 See Yost v. Unemployment Appeals Comm’n,
 
 848 So.2d 1235, 1238 (Fla. 2d DCA 2003).
 

 As this court on more than one occasion has confirmed, “[a]n isolated incident, such as an employee’s failure to follow policies and rules, is generally not considered misconduct, and an employer’s grounds for terminating employment is a separate issue from disqualification criteria set out in the unemployment compensation statute.”
 
 Rosas v. Remington Hospitality, Inc.,
 
 899 So.2d 390, 391 (Fla. 3d DCA 2005);
 
 see also Del Pino v. Airow Air Inc.,
 
 920 So.2d 772, 773 (Fla. 3d DCA 2006) (confirming that cases dealing with isolated incidents, “such as an employee’s failure to follow policies and rules,” are not generally considered ‘misconduct’ that would result in denial of unemployment benefits).
 

 In this case, Arroyo’s conduct, while vio-lative of company policy, more closely resembled a few isolated incidents which although supporting termination would not amount to the misconduct necessary to support a denial of benefits.
 

 Accordingly, we reverse the Unemployment Appeals Commission’s order denying unemployment benefits to Arroyo.
 

 [1]
 

 . “Misconduct” is defined in section 443.036(29) of the Florida Statutes as follows:
 

 (29) "Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other: (a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
 

 (b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
 

 § 443.036 (29), Fla. Stat. (2010).