PER CURIAM.
Janet Flint (“Flint”) appeals an order of the Unemployment Appeals Commission that affirmed the denial of unemployment compensation benefits. We reverse because Flint’s action did not constitute “misconduct” as defined by section 443.036(29), Florida Statutes (2010).
A review of the record demonstrates that the incident for which Flint was discharged from employment, after an otherwise unblemished fifteen-year career with the employer, amounted to an “exercise of poor judgment [that] does not amount to misconduct sufficient to support the denial of unemployment compensation benefits.” Fenelus v. Publix Super Mkts., Inc., 727 So.2d 274, 274 (Fla. 3d DCA 1999) (quoting Navarrete v. Fla. Unemployment Appeals Comm’n, 726 So.2d 833, 834 (Fla. 3d DCA 1999)). See also Kelley v. Pueblo Wholesale Co., 627 So.2d 534 (Fla. 3d DCA 1993) (recognizing that this Court consistently has held that an exercise of poor judgment does not amount to “misconduct”). Although Flint’s action was in violation of a stated company policy and may have justified her discharge from employment, “such conduct does not necessarily preclude entitlement to unemployment benefits.” Miller v. Barnett Bank of Broward Cnty., 650 So.2d 1089, 1090 (Fla. 3d DCA 1995); accord Hernandez v. Am. Gen. Fin., 39 So.3d 476 (Fla. 3d DCA 2010) (holding that one incident in violation of company policy over a fourteen-year career did not rise to the level of misconduct contemplated in section 443.036(29)); Fiedler v. Burdines, Inc., 654 So.2d 1276, 1277 (Fla. 2d DCA 1995) (“Misconduct usually involves repeated violations of explicit policies after several warnings.”).
We therefore reverse the order under review and remand the case for the allowance of Flint’s claim.
REVERSED and REMANDED.