MAKAR, J.
Critical Intervention Services (CIS) appeals an order of the Reemployment Assistance Appeals Commission (RAAC), affirming an award of reemployment assistance benefits to former employee, Winston Edwards. The appeals referee found that Edwards’s conduct, pursuing and confronting a shoplifting suspect outside a store despite a company rule against doing so, did not “rise to the statutory definition of misconduct.” We disagree but remand for a determination of whether Edwards “could not reasonably know” of the rule.
I.
CIS employed Edwards as a protection officer from late December 2009 to November 2011. By all accounts, Edwards was a good officer who did his job well; he had no record of discipline and had been effective in his position. Edwards began working for a CIS client, Save-a-Lot stores, in August 2011. In early November 2011 CIS terminated Edwards for violating its rule against pursuing suspected shoplifters beyond a store’s entrance. A few months prior to Edwards’s assignment *65 to Save-A-Lot, CIS issued an April 15th “post order” specific to all Save-a-Lot locations that directed protection officers not to pursue shoplifters past store entrances/exits. A “post order” has the same force as codified standard operating procedures under CIS’s uniformed services protocols. On September 28, 2011, CIS also issued an “area alert” to employees advising that 2011 updates existed for Save-a-Lot locations; employees were to contact CIS’s communications center if one was not posted at their location.
After an initial denial of benefits, Edwards requested a hearing, which the appeals referee held telephonically by conferencing in Edwards and CIS representatives. At the outset, CIS’s director of risk management testified and presented evidence of the update, the area alert, and its standard operating procedures, which required Edwards to cheek all updates and be aware of all updates and area alerts.
For his part, Edwards testified he had no actual knowledge of the updated policy. He had worked at eight different Save-a-Lot locations over the course of a couple months, and successfully intervened on five or six occasions at the same Save-A-Lot stores to effectuate the arrests of suspected shoplifters. He questioned how the area alerts would have given him cause to seek out post orders, particularly those issued prior to his assignment. He had acknowledged receipt of the 2011 area alert related to updates for Save-a-Lot locations, but testified that because he had to call in to the communications center for updates (versus logging in via a computer as he had done on other job sites) he did not become aware of the no-pursuit rule. He noted multiple errors in the CIS incident report and opined that the disciplinary action was based on a simple miseom-munication rather than anything to do with his otherwise spotless record.
As to the incident, he testified that the on-site store manager told him to speak with the suspected shoplifter who had left the store. After Edwards spoke to the suspect at her car, she voluntarily returned to the store, left a package of vanilla pudding, but exited when informed she would be arrested. Edwards followed her to her car, asking that she stay until police arrived; she ignored him and sped off-grazing Edwards on her way out.
Based on hearing testimony and evidence, the appeals referee made the following findings of fact:
The claimant worked full-time for Critical Intervention Services from December 29, 2009, through November 6, 2011, as an officer. As of April 15, 2011, the employer’s shoplifting policy prohibits employees from pursing, [sic] engaging, confronting, or hindering a suspected shoplifting [sic]. The employer’s previous shoplifting policy allowed employees to purse, [sic] engage, confront, or hindered [sic] a suspected shoplifter. The claimant was not aware of the employer’s new shoplifting policy. On October 23, 2011, the claimant engaged a suspected shoplifting [sic] at one of the employer’s job site location [sic] at the request of the store manager. The claimant believed he was acting in accordance to [sic] the employer’s policy. The claimant was discharged by employer on November 6, 2011, for violating the employer’s shoplifting policy.
On these findings, the appeals referee concluded Edwards had not committed misconduct, and was therefore entitled to benefits; the RAAC affirmed the decision in a standard order.
*66 II.
The statutory definition of misconduct is central to this appeal. As of its amendment in 2011, the definition provided that misconduct is:
A violation of an employer’s rule, unless the claimant can demonstrate that:
1. He or she did not know, and could not reasonably know, of the rule’s requirements;
2. The rule is not lawful or not reasonably related to the job environment and performance; or
3. The rule is not fairly or consistently enforced.
§ 443.036(30)(e), Fla. Stat. (2011). The employer carries the initial burden of proving misconduct. See Arbor Tree Mgmt., Inc. v. Fla. Unemployment Appeals Comm’n, 69 So.3d 376, 382 (Fla. 1st DCA 2011). Here, there is no dispute that the no-pursuit rule was in place and that Edwards twice went into the Save-A-Lot parking lot to interface with the suspect; CIS therefore carried its burden by submitting evidence of Edwards’s rule violation.
Because CIS met its burden to show misconduct (as defined in the statute), it was then incumbent upon Edwards to show one of the exceptions under section 443.036(30)(e)(l)-(3). Neither subpar-agraph (2) nor (3) was addressed below. Instead, at issue in this appeal is only subparagraph (e)(1), which requires that an employee prove he did not know of the rule, and he “could not reasonably know” of the requirements of the rule. § 443.036(30)(e)(l). The appeals referee’s decision passed upon the first part of the exception, finding credible Edwards’ testimony that he did not know of the rule. The decision, however, failed to pass upon the second part — whether Edwards “could not reasonably” have known of the rule. Subparagraph (e)(1) is a two-part conjunctive test: both parts must be met. While the first part of the test is a subjective test of what the employee knew or did not know, the second part is an objective test of “reasonableness” in light of the record presented. See Turner v. PCR, Inc., 754 So.2d 683, 688 (Fla.2000) (distinguishing actual knowledge, a subjective standard, from “should have known,” an objective determination of reasonableness).
Here, the appeals referee cited the correct law, but failed to make findings that show objectively that Edwards “could not reasonably” have known about the no-pursuit rule. Throughout the hearing and in closing, CIS argued that the second factor was not met, but the appeals referee’s order neglected this point. While the record appears to contain little to support the notion that Edwards could not reasonably have known of the no-pursuit rule, we nonetheless remand for the limited purpose of allowing the appeals referee to make factual findings on this question in the first instance. See Intelligence Grp., Inc. v. Dep’t of State, Div. of Licensing, 610 So.2d 589, 591 (Fla. 2d DCA 1992); Gentile v. Dep’t of Prof'l Regulation, 448 So.2d 1087 (Fla. 1st DCA 1984). As noted, this inquiry entails an objective analysis of reasonableness, not Edwards’s subjective belief.
The decision of the appeals referee, affirmed by the RAAC, is REVERSED, and the matter is REMANDED for further proceedings consistent with this opinion.
WETHERELL and LEWIS, 33., concur.