LOGUE, J.
Yanelly Morales appeals a decision of the Florida Reemployment Assistance Appeals Commission determining that Morales was disqualified to receive unemployment compensation benefits. We reverse.
The Commission adopted the decision of an appeals referee which found that “[t]he hearing testimony establishes that the claimant was discharged after refusing the instructions of a supervisor and for having continual outbursts at the job site.” A review of the transcript in the light most favorable to the referee’s decision, however, reveals that Morales was terminated for three incidents: (1) an event on an unidentified date prior to April 1, 2011, in which Morales broke into tears when she argued with a supervisor over the proper rotation of workers in a manufacturing production line; (2) an April 12, 2011, event in which Morales cried during a conversation with a supervisor after her shift was over; and (8) an event on or around April 17, 2011, in which Morales cried at work. The record contains no direct testimony that Morales refused to obey an order. The testimony regarding all three incidents is sparse, providing little detail, context, or background. We cannot ascertain from the testimony, for example, the duration, severity, or disrup-tiveness of the incidents. Nor can we determine what warnings, if any, Morales was given.
Under the unemployment compensation statutes, an individual is disqualified to receive unemployment benefits if he or she has been discharged by the employer for misconduct. § 448.101, Fla. Stat. (2011). Misconduct is defined, in pertinent part, as conduct “demonstrating conscious disregard of an employer’s interests and found to be a deliberate violation or disregard of the reasonable standards of behavior which the employer expects of his or her employee.” § 443.036(30)(a), Fla. Stat. (2011).
Even assuming some disobedience occurred, Morales’s dispute with her supervisor over the proper rotation, as reflected by the limited facts in this record, does not constitute misconduct that would disqualify her from unemployment benefits. “Although an employee’s actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits.” Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996). A single instance of insubordination that reflects at most an isolated error in judgment, without more, does not amount to disqualifying misconduct under the statute. See Delvi, Inc. v. Fla. Unemployment Appeals Comm’n, 83 So.3d 976, 977 (Fla. 3d DCA 2012) (holding that an employee fired for a single refusal to obey an order accompanied by an informal act of disrespect was not disqualified under the statute); Montalbano v. Unemployment Appeals Comm’n, 873 So.2d 417, 417-18 (Fla. 4th DCA 2004) (holding that an employee fired for yelling during an argument with a supervisor over work order was not disqualified under the statute); Baptiste v. Waste Mgmt., Inc., 701 So.2d 386, 387 (Fla. 3d DCA 1997) (explaining that an isolated error in judgment does not rise to the level of “misconduct”). Instead, “Misconduct usually involves repeated violations of explicit policies after several warnings.” Fredda v. Unemployment Appeals Comm’n, 685 So.2d 874, 875 (Fla. 2d DCA 1996) (citation omitted). This result is not changed by the existence of the second crying incident, of which we know *83 little more than that it took place after work hours, or the third incident, of which we know no details.
The spare record before us does not contain competent substantial evidence establishing that Morales’s actions constitute “[c]onduct demonstrating conscious disregard of an employer’s interests and found to be a deliberate violation or disregard of the reasonable standards of behavior which the employer expects of his or her employee.” § 443.036(30)(a), Fla. Stat. (2011) (emphasis added). Accordingly, Morales is entitled to receive unemployment compensation benefits.
Reversed.