PER CURIAM.
Appellant, Victor Hernandez (“Hernandez”), appeals a decision from the Reemployment Assistance Appeals Commission (the “Commission”) affirming the findings of the appeals referee (“referee”), which denied unemployment benefits to Hernandez. Because we find that Hernandez’s conduct did not meet the statutory definition of misconduct under section 443.036(30), Florida Statutes (2011), we reverse.
I. STANDARD OF REVIEW
This Court must accept a referee’s findings of fact if supported by competent, substantial evidence in the record. Hialeah Hous. Auth. v. Fla. Unemployment Appeals Comm’n, 16 So.3d 216, 217 (Fla. 3d DCA 2009). The determination of whether the employee committed misconduct connected with work under section 443.036(30), is a question of law reviewed *409 de novo. Id. at 217; Saunders v. Unemployment Appeals Comm’n, 888 So.2d 69, 71-72 (Fla. 4th DCA 2004).
II. ANALYSIS
The Commission contends that Hernandez’s employment discharge was for misconduct connected with work as defined in the unemployment compensation law, which disqualifies an individual from receiving unemployment benefits if he or she has been discharged for misconduct.
The relevant portions of section 443.036(30) state as follows:
(a) Conduct demonstrating conscious disregard of an employer’s interests and found to be a deliberate violation or disregard of the reasonable standards of behavior which the employer expects of his or her employee.
(b) Carelessness or negligence to a degree or recurrence that manifests culpability or wrongful intent, or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
[[Image here]]
(e) A violation of an employer’s rule, unless the claimant can demonstrate that:
1. He or she did not know, and could not reasonably know, of the rule’s requirements;
2. The rule is not lawful or not reasonably related to the job environment and performance; or
3. The rule is not fairly or consistently enforced.
§ 443.036(30), Fla. Stat. The employer has the burden of showing misconduct by a preponderance of the evidence and must show that the discharged employee’s conduct was more than “inefficiency, unsatisfactory conduct, or failure to perform in the work-place.” Doyle v. Unemployment Appeals Comm’n, 635 So.2d 1028, 1031 (Fla. 2d DCA 1994).
In the instant case, Hernandez’s written warnings were for: failure to properly double check drain plug causing customer to need new car engine, damage to shock on customer handicap-equipped vehicle, broken wheel center, and non-completion of a tire repair.
Generally, inadvertencies or isolated instances of ordinary negligence are not misconduct under the statute. See Miller v. Barnett Bank of Broward Cnty., 650 So.2d 1089 (Fla. 3d DCA 1995); Spaulding v. Fla. Indus. Comm’n, 154 So.2d 334 (Fla. 3d DCA 1963). Furthermore, misbehavior serious enough to warrant the termination of an employee is not necessarily serious enough to preclude unemployment compensation. See Barnes v. Unemployment Appeals Comm’n, 717 So.2d 120, 122 (Fla. 4th DCA 1998).
We conclude that the cited incidents concerning Hernandez are isolated incidents involving poor judgment, inattention, or failure to perform in the workplace. The record fails to reveal that Hernandez acted in “deliberate violation or disregard” of his employer’s reasonable standard of behavior or with a carelessness manifesting “culpability or wrongful intent.” § 443.036(30)(a)-(b); see Morales v. Fla. Reemployment Assistance Appeals Comm’n, 106 So.3d 81 (Fla. 3d DCA 2013).
III. CONCLUSION
Because the employer did not show that Hernandez’s conduct met the statutory definition of misconduct under section 443.036(30), the order denying Hernandez unemployment benefits is reversed.
Reversed and remanded.