BENTON, J.
Maria Cesar appeals a final order of the Reemployment Assistance Appeals Commission (the Commission) reversing an appeals referee’s decision qualifying her for unemployment benefits on grounds she committed disqualifying misconduct by making personal calls from her work phone. Because the Commission improperly substituted its own factual findings for those of the appeals referee, we reverse and remand with directions to reinstate the decision of the appeals referee.
After GHM Hollywood Mar, LLC terminated Ms. Cesar’s employment, she sought unemployment compensation benefits, but her former employer took the position that she was not entitled to benefits because of personal phone calls she had made at work.
The burden to prove misconduct rests on the employer. See SKF Mgmt. v. Unemployment Appeals Comm’n, 664 So.2d 345, 347 (Fla. 5th DCA 1995) (“[T]he employer has the burden of proving that the act or acts complained of constitute ‘misconduct’ sufficient to disqualify the employee from receiving unemployment compensation benefits.”) citing Gunther v. Barnett Banks, Inc., 598 So.2d 243, 245 (Fla. 2d DCA 1992); Sheriff of Monroe County v. Unemployment Appeals Comm’n, 490 So.2d 961, 962 (Fla. 3d DCA), rev. denied, 500 So.2d 544 (Fla.1986). Accord Pascarelli v. Unemployment Appeals Comm’n, 664 So.2d 1089, 1091 (Fla. 5th DCA 1995); Paul v. Jabil Circuit Co., 627 So.2d 545, 546 (Fla. 2d DCA 1993).
Lyster v. Fla. Unemployment Appeals Comm’n, 826 So.2d 482, 484 (Fla. 1st DCA 2002). Eventually, a telephonic hearing took place before an appeals referee, who ruled that the former employer failed to carry its burden to prove that Ms. Cesar had been guilty of misconduct connected with work.
The appeals referee ruled that the “claimant is not disqualified from the receipt of benefits.” On the basis of the evidence adduced at the telephonic hearing, the appeals referee made the following findings of fact (and no others):
The claimant worked as a reservations specialist for a hotel. The claimant worked for the employer from February 4, 2009, through June 4, 2012. During the claimant’s employment, she made several personal calls on her work phone to her mom regarding her medical diagnosis, and her boyfriend. While on the personal calls, the claimant continued to perform her required tasks. On June 4, 2012, the director of sales and human resources manager suspended the claimant until further notice due to making personal calls while at work. On June 6, 2012, the general manager and human resources manager discharged the claimant for misuse of company property and disregard of the employer’s policy-
The appeals referee concluded that the employer did not prove that she was discharged for “misconduct connected with work,”[1] and did not prove that Ms. Cesar *1183 was aware of any policy prohibiting employees from making personal calls on work phones during work hours.
On the employer’s appeal to the Reemployment Assistance Appeals Commission, the Commission adopted the appeals referee’s findings of fact in their entirety — at least ostensibly. But the Commission reversed the appeals referee’s decision based on factual findings of its own never found by the appeals referee. Among other things, in irreconcilable conflict with the appeals referee, the Commission found that Ms. Cesar “knew or should have known” of the policy prohibiting employees from making personal phone calls from work phones (because of a written policy prohibiting cell phone use while “on the clock”). See Glover v. Sanford Child Care, Inc., 429 So.2d 91, 91 (Fla. 5th DCA 1983) (holding the Commission erred in reversing the appeals referee based on its disagreement with the referee over whether a day care employee had abused children). The Commission made additional findings, concluded that Ms. Cesar “showed a blatant and reckless disregard for the employer’s interests,” reversed the appeals referee and found Ms. Cesar disqualified from receiving unemployment benefits.
In modifying the appeals referee’s findings, including his finding that Ms. Cesar did not know about the company’s policy prohibiting personal calls from work phones, the Commission, as the Second District stated in Tedder v. Florida Unemployment Appeals Commission, 697 So.2d 900, 901 (Fla. 2d DCA 1997), engaged in a “reweighing of the evidence ... clothed as a legal conclusion.” At issue in Tedder, too, was the factual question of whether an employee who violated company policy was aware of the policy at the time. The appeals referee found she was unaware of the policy, but the Commission, on appeal, reached the “legal conclusion” that the claimant knew or should have known of this policy. The Second District reversed stating, “[t]he UAC’s conclusion that Ted-der knew of [the employer’s] policy constitutes a reweighing of the evidence, even though clothed as a legal conclusion. What Tedder ‘should have known’ is a factual finding as well.” Id. See also Critical Intervention Servs. v. Fla. Reemployment Assistance Appeals Comm’n, 106 So.3d 63, 66 (Fla. 1st DCA 2013).
“This Court may overturn a legal conclusion of the Commission if it is clearly erroneous and, in reviewing the Commission’s substituted conclusion, must assure that the correct rules of law were applied.” Howell & O’Neal v. Fla. Unemployment Appeals Comm’n, 934 So.2d 570, 575 (Fla. 1st DCA 2006). We have previously held:
The Commission’s standard of review of an appeals referee’s decision is whether the referee’s findings of fact are based *1184 on competent, substantial record evidence and whether the proceedings on which those findings are based complied with the essential requirements of law. Szniatkiewicz v. Unemployment Appeals Comm’n, 864 So.2d 498, 501-02 (Fla. 4th DCA 2004). The appeals referee, as the trier of fact, is privileged to weigh and reject conflicting evidence, and the Commission cannot reweigh the evidence and substitute its findings for those of the referee. Id. at 502. Although the Commission may reject the referee’s conclusions of law without limitation, it may not modify the facts to reach a different legal conclusion, rely on facts that were not established at the hearing, or rely on a theory not advanced by one party or anticipated by the other. See id. This Court cannot make credibility determinations or substitute its judgment for that of the referee and must uphold the appeals referee’s decision where there is competent, substantial evidence to support it. See id.; Ford v. Se. Atl. Corp., 588 So.2d 1039, 1040 (Fla. 1st DCA 1991).
Id. (reversing the Commission for improperly rejecting the appeals referee’s factual findings where they were supported by competent, substantial evidence and for relying on facts not established at the hearing before and found by the appeals referee).
The Commission may not substitute its findings of fact for those of the appeals referee. See Peace River Distrib., Inc. v. Fla. Unemployment Appeals Comm’n, 80 So.3d 461, 463 (Fla. 1st DCA 2012) (citing to section 120.57(1)(Z), Florida Statutes in holding that an administrative agency such as the Commission may not reweigh the evidence or substitute the referee’s findings of fact when those findings are based on competent, substantial evidence);[2] His Kids Daycare v. Fla. Unemployment Appeals Comm’n, 904 So.2d 477, 480 (Fla. 1st DCA 2005) (same); Perez v. Am. Med., Inc., 842 So.2d 285, 286 (Fla. 3d DCA 2003) (reversing the Commission’s reinterpretation of the facts as an improper substitution of its judgment for that of the referee); Clark v. Prof'l Call Centers, Inc., 743 So.2d 95, 97 (Fla. 2d DCA 1999) (holding the Commission may not reweigh the referee’s factual findings where such findings are supported by substantial competent evidence in the record); Rex v. Fla. Unemployment Appeals Comm’n, 634 So.2d 257, 258 (Fla. 2d DCA 1994) (same); Kelly v. Fla. Min. & Materials Corp., 626 So.2d 1101, 1102 (Fla. 1st DCA 1993) (same); Rhodes, Inc. v. Gosha, 496 So.2d 898, 899 (Fla. 1st DCA 1986) (same). See also Eulo v. Fla. Unemployment Appeal Comm’n, 724 So.2d 636, 637 (Fla. 2d DCA 1999) (holding the Commission may-not modify the facts to reach a different legal conclusion or rely on facts that were not established at the hearing).
We reject the Commission’s conclusion that Ms. Cesar “showed a blatant and reckless disregard for the employer’s interests” [3] based on her phone calls or on any charges resulting from personal tele *1185 phone calls placed by her. The appeals referee made no findings as regards any charges to the hotel. Nor was it established at the hearing that Ms. Cesar was aware that her calls could result in any charges or that she made any phone calls with such knowledge. See Howell & O’Neal, 934 So.2d at 575 (holding the Commission may not rely on facts not established at the hearing).
Because the Commission improperly rejected the appeals referee’s finding that Ms. Cesar was unaware of the policy prohibiting personal calls from the work phone, substituted its own finding that Ms. Cesar knew or should have known of this policy, and added its own findings in concluding that Ms. Cesar committed disqualifying misconduct, we reverse and remand to the Commission with directions that Ms. Cesar be awarded unemployment benefits.
Reversed and remanded.
LEWIS, C.J., and WETHERELL, J., concur.

. Misconduct connected with work is defined under § 443.036(30), Fla. Stat. (2011) as:
(a)Conduct demonstrating conscious disregard of an employer’s interests and found to be a deliberate violation or disregard of the reasonable standards of behavior which the employer expects of his or her employee.
(b)Carelessness or negligence to a degree or recurrence that manifests culpability or *1183 wrongful intent, or shows an intentional and substantial disregard of the employer's interests or of the employee’s duties and obligations to his or her employer.
(c)Chronic absenteeism or tardiness in deliberate violation of a known policy of the employer or one or more unapproved absences following a written reprimand or warning relating to more than one unapproved absence.
(d)A willful and deliberate violation of a standard or regulation of this state by an employee of an employer licensed or certified by this state, which violation would cause the employer to be sanctioned or have its license or certification suspended by this state.
(e)A violation of an employer’s rule, unless the claimant can demonstrate that:
1.He or she did not know, and could not reasonably know, of the rule’s requirements;
2.The rule is not lawful or not reasonably related to the job environment and performance; or
3.The rule is not fairly or consistently enforced.

. Section 120.57(1)(Z), Florida Statutes (2011) provides in relevant part:
The agency may not reject or modify the findings of fact unless die agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidenced]

. Generally, an employee must evidence intentional insubordination to meet this standard of misconduct. See LaCharite v. State, Unemployment Appeals Comm’n, 890 So.2d 354, 356 (Fla. 1st DCA 2004) (holding an MRI technologist who was discharged after administering a saline IV to a co-worker without first obtaining a doctor’s approval in violation of company policy demonstrated poor judgment but did not commit misconduct).