# Third District Court of Appeal

## State of Florida

Opinion filed August 19, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2805
Lower Tribunal No. 14-3208
_____

**Responsible Vendors, Inc.,**
Appellant,

vs.

**Reemployment Assistance Appeals Commission,**
Appellee.

An appeal from the Reemployment Assistance Appeals Commission.

Roetzel & Andress and Vijay G. Brijbasi (Ft. Lauderdale), for appellant.

Amanda L. Neff, Executive Senior Attorney, for appellee.

Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

SUAREZ, C.J.

Responsible Vendors, Inc. appeals from an order of the Reemployment

Assistance Appeals Commission affirming the award of unemployment benefits to

the former employee, Ava J. De Oliveira-Zappia.  We affirm.  See Frazier v. Home Shopping Club LP, 784 So. 2d 1190, 1191 (Fla. 2d DCA 2001) (holding that misbehavior serious enough to warrant an employee's dismissal is not necessarily serious enough to sustain a forfeiture of unemployment compensation benefits).  In order to support a denial of benefits, "misconduct connected with work" is not mere inefficiency, unsatisfactory conduct, failure in good performance as the result of an inability or incapacity, inadvertence, good faith errors in judgment or discretion, or ordinary negligence in isolated instances. Id. Rather, the employer must prove that the employee behaved intentionally or with a degree of carelessness or negligence that manifests a wrongful intent or evil design, or otherwise acted in a way that would constitute misconduct as defined in section 443.036(29), Florida Statutes (2015).  Id. at 1192.  See also Yost v. Unemployment Appeals Comm'n, 848 So. 2d 1235, 1238 (Fla. 2d DCA 2003) (same); Del Pino v. Arrow Air, Inc., 920 So. 2d 772, 773 (Fla. 3d DCA 2006) (confirming that cases dealing with isolated incidents, such as failure to follow policies or rules, are not generally considered "misconduct" that would result in denial of unemployment benefits); Arroyo v. Florida Unemployment Appeals Comm'n, 60 So. 3d 492, 494. (Fla. 3d DCA 2011) ("While we agree that on this record [Claimaint's] termination from her job was justified, we cannot agree that this conduct constitutes misconduct that would disqualify her from receiving benefits.").

Affirmed.