DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGEL CONTRERAS,**
Appellant,

v.

**REEMPLOYMENT ASSISTANCE APPEALS COMMISSION** and **HAROLD L. SIMPSON,**
Appellees.

No. 4D14-3820

[November 12, 2015]

Appeal from the State of Florida, Reemployment Assistance Appeals Commission; L.T. Case No. 14-02668.

Angel Contreras, Lantana, pro se.

Amanda L. Neff, Executive Senior Attorney, Tallahassee, for appellee Reemployment Assistance Appeals Commission.

Matthew C. Sanchez and Nicole M. Villarroel of Hackleman, Olive & Judd, P.A., Fort Lauderdale, for appellee Harold L. Simpson.

STEVENSON, J.

Angel Contreras appeals the Reemployment Assistance Appeals Commission's order which reversed the decision of the Appeals Referee and found that Contreras committed misconduct disqualifying him from receiving unemployment benefits. Because Contreras's actions did not constitute "misconduct" as defined in section 443.036(29), Florida Statutes (2014), we reverse.

The facts, as found by the Referee, are briefly stated as follows. Contreras was hired on or around March 23, 2010, as one of the caregivers/companions for an elderly man ("patient") who suffered from dementia. The caregivers were provided a list of medications to be administered to the patient. Tylenol and Tramadol were on the list as acceptable medications to administer as needed for pain. Occasionally, other pills, not on the list, were left in envelopes by the licensed nurse practitioner for the caregivers to administer to the patient.

On February 19, 2014, the patient underwent surgery. The caregivers were instructed to administer Tylenol or Tramadol if the patient complained of pain. Shortly after Contreras arrived to work on February 21, the patient began screaming out in pain. The previous caregiver told Contreras they were out of Tylenol. Contreras had given the patient Tramadol on prior occasions and understood that "the drug took approximately an hour to begin relieving pain." Unidentified pain pills, "new pain pills," were left in envelopes with instructions to administer for pain. These new pills were Percocet, but were not labeled as such. Contreras gave the patient the Percocet, "assum[ing] that a new pain pill prescribed by the surgeon would probably be stronger and take effect quicker than Tramadol." He was subsequently terminated for insubordination for giving the Percocet instead of Tylenol or Tramadol.

Contreras applied for benefits from the Reemployment Assistance Program. The Reemployment Assistance Program found that he was disqualified from benefits because he was terminated for misconduct. He then sought review before an Appeals Referee. After an evidentiary hearing, the Referee reversed the disqualification, finding that misconduct was not shown. The employer appealed to the Reemployment Assistance Appeals Commission. The Commission adopted the Referee's factual findings, but reversed, holding Contreras did commit misconduct and was disqualified from receiving benefits. This appeal followed.

A person is disqualified from benefits if he or she has been discharged by his or her employer "for misconduct connected with his or her work." § 443.101(1)(a), Fla. Stat. (2014). "Misconduct" includes "[c]onduct demonstrating conscious disregard of an employer's interests." § 443.036(29)(a), Fla. Stat.

Ordinary negligence in isolated instances or good faith errors in judgment is not misconduct that supports the denial of benefits. *Responsible Vendors, Inc. v. Reemployment Assistance Appeals Comm'n*, 172 So. 3d 561, 561–62 (Fla. 3d DCA 2015). The burden is on the employer to prove the employee acted "intentionally or with a degree of carelessness or negligence that manifests a wrongful intent." *Id.* at 562. Furthermore, conduct which justifies discharge from employment does not necessarily preclude entitlement to benefits. *Flint v. Fla. Unemployment Appeals Comm'n*, 79 So. 3d 115, 115 (Fla. 3d DCA 2012) (citing *Kelley v. Pueblo Wholesale Co.*, 627 So. 2d 534 (Fla. 3d DCA 1993)).

This Court will defer to an "agency's interpretation of a statute it is given the power and duty to administer when that interpretation is

2

reasonable." *Conservation Alliance of St. Lucie Cnty. Inc. v. Fla. Dep't of Envtl. Prot.*, 144 So. 3d 622, 624 (Fla. 4th DCA 2014). We have recognized that a "referee's findings are to be accorded a presumption of correctness." *Szniatkiewicz v. Unemployment Appeals Comm'n*, 864 So. 2d 498, 501 (Fla. 4th DCA 2004). The appeals commission "cannot reweigh the evidence and substitute its findings for those of the referee." *Id.* at 502. As the fact finder, the Referee determined that Contreras's testimony was more credible. Her factual findings are supported by competent, substantial evidence. Thus, the Commission was required to defer to the Referee's factual findings.

According to the Referee's factual findings, the employer did not demonstrate that Contreras acted with a conscious disregard of the employer's interests. Contreras gave the patient the new pain pills because he believed they would work faster to relieve the patient's severe pain. This belief was reasonable given that the pills were prescribed by the patient's surgeon and were left in the home in an envelope, which occurred on occasion. Contreras trusted that the employer would not have medication in the home that the caregivers could not administer. Under these facts, the employer did not prove that Contreras acted with "wrongful intent." *Responsible Vendors, Inc.*, 172 So. 3d at 561–62. Additionally, this was one "isolated instance" of an "error in judgment" in almost four years of employment. *See id.* at 562.

Under *Flint*, although Contreras's actions may have justified his termination of employment, his actions did not rise to the level of misconduct justifying preclusion from benefits. 79 So. 3d at 115. The Commission erred in finding that Contreras's actions legally barred his entitlement to unemployment benefits. Accordingly, we reverse the Commission's order.

*Reversed.*

DAMOORGIAN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3