NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| JEFFREY WILLIAMS, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )      Case No. 2D15-2587 |
| | ) |
| CITY OF WINTER HAVEN and | ) |
| REEMPLOYMENT ASSISTANCE | ) |
| APPEALS COMMISSION, | ) |
| | ) |
| Appellees. | ) |
| | ) |

Opinion filed July 15, 2016.

Appeal from the Reemployment
Assistance Appeals Commission.

Jeffrey Williams, pro se.

Cristina A. Velez, Appellate Counsel,
Reemployment Assistance Appeals
Commission, Tallahassee, for Appellee
RAAC.

No appearance for Appellee City of
Winter Haven.


SLEET, Judge.

Jeffrey Williams appeals an order of the Reemployment Assistance

Appeals Commission (the Commission) affirming an appeals referee's decision finding

him ineligible for unemployment benefits.  Because Williams' violation of the City of

Winter Haven's policy did not constitute misconduct as defined by section 443.036(29), Florida Statutes (2014), we reverse.

"The determination of whether the employee committed misconduct connected with work . . . is a question of law reviewed de novo." Hernandez v. Reemployment Assistance Appeals Comm'n, 114 So. 3d 407, 408-09 (Fla. 3d DCA 2013). The unemployment compensation statute must be liberally construed in favor of the claimant, and the "disqualification provisions, being remedial in nature, are to be narrowly construed." Davidson v. AAA Cooper Transp., 852 So. 2d 398, 401 (Fla. 3d DCA 2003). It is the employer's burden to prove misconduct within the meaning of section 443.036(29). Cesar v. Reemployment Assistance Appeals Comm'n, 121 So. 3d 1181, 1182 (Fla. 1st DCA 2013).

Contrary to the Commission's assertions on appeal, the 2011 addition of subsection (e) to the definition of "misconduct" in section 443.036(29), see ch. 2011-235, § 3, at 3485, Laws of Fla., has not changed Florida's abiding precedent that an isolated rule violation based on a good faith error in judgment does not amount to misconduct that would justify a refusal of benefits. See Vilar v. Unemployment Appeals Comm'n, 889 So. 2d 933, 935 (Fla. 2d DCA 2004) ("Repeated violations of explicit policies, after several warnings, are usually required for a finding of misconduct." (quoting Barchoff v. Shells of St. Pete Beach, Inc., 787 So. 2d 935, 936 (Fla. 2d DCA 2001))); Contreras v. Reemployment Assistance Appeals Comm'n, 178 So. 3d 953, 955 (Fla. 4th DCA 2015) (holding that isolated instances of ordinary negligence or good faith errors in judgment do not amount to misconduct for which benefits can be denied); Responsible Vendors, Inc. v. Reemployment Assistance Appeals Comm'n, 172 So. 3d 561, 561-62 (Fla. 3d DCA 2015) (holding that isolated instances of "good faith errors in

judgment or discretion" do not support a denial of benefits); Cesar, 121 So. 3d at 1184 n.3 ("Generally, an employee must evidence intentional insubordination to meet this standard of misconduct."); Hernandez, 114 So. 3d at 409 (holding that "isolated incidents involving poor judgment, inattention, or failure to perform in the workplace" did not amount to misconduct); Morales v. Fla. Reemployment Assistance Appeals Comm'n, 106 So. 3d 81, 82 (Fla. 3d DCA 2013) ("A single instance of insubordination that reflects at most an isolated error in judgment, without more, does not amount to disqualifying misconduct under the statute."); Pascarelli v. Unemployment Appeals Comm'n, 664 So. 2d 1089, 1092 (Fla. 5th DCA 1995) ("A single act of insubordination can be misconduct but a single act arising out of poor judgment may not be misconduct. . . . Generally, courts require more than a single instance of poor judgment to disqualify a claimant from unemployment compensation.").

Although there is no question that the city proved that Williams' conduct violated city policy and justified his discharge, it does not necessarily follow that he is not entitled to unemployment benefits. See Vilar, 889 So. 2d at 935 ("Although an employee's actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits." (quoting Donnell v. Univ. Cmty. Hosp., 705 So. 2d 1031, 1032 (Fla. 2d DCA 1998))). A finding of misconduct requires evidence of an intentional or repeated violation of the employer's rule or policy, not just evidence that the employee has violated the rule or policy. See Responsible Vendors, 172 So. 3d at 562 ("[T]he employer must prove that the employee behaved intentionally or with a degree of carelessness or negligence that manifests a wrongful intent or evil design, or otherwise acted in a way that would constitute misconduct as defined in section 443.036(29), Florida Statutes (2015)."); see also Contreras, 178 So. 3d at 955-

- 3 -

56; <u>Cesar</u>, 121 So. 3d at 1184 n.3; <u>Hernandez</u>, 114 So. 3d at 409; <u>Morales</u>, 106 So. 3d at 82.  Because the record does not contain any evidence that Williams intentionally or repeatedly violated company policy, Williams is entitled to receive unemployment compensation benefits.

Reversed.

NORTHCUTT and SALARIO, JJ., Concur.